```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

   JOSEPH GRUBAUGH                           CIVIL ACTION

   VERSUS                                    NO: 13-3045

   CENTRAL PROGRESSIVE BANK, ET              SECTION: "J" (4)
   AL.
```

### ORDER AND REASONS

Before the Court is Defendant Federal Deposit Insurance Corporation as Receiver for Central Progressive Bank ("FDIC")'s **Motion to Dismiss, or Alternatively, to Stay Pending Exhaustion of Administrative Remedies (Rec. Doc. 11).** Plaintiff Joseph Grubaugh ("Grubaugh") and Defendants Federal Insurance Company ("Federal") and Executive Risk Specialty Insurance Company ("Executive") filed responses the motion (Rec. Docs. 13, 14) The motion was set for hearing on November 6, 2013, on the briefs.[1]

### Background and Procedural History

This matter arises from a state court breach of contract claim filed by Grubaugh against Central Progressive Bank ("CPB")in 2009 wherein Grubaugh asserts that employees of CPB

---

[1] FDIC requested oral argument, but their request was denied. (Rec. Doc. 15).

embezzled around $84,000 of his funds. On November 18, 2011, pursuant to the order of a state court Judge, CPB was closed and the FDIC was appointed as Receiver. Shortly thereafter, the matter was automatically stayed when one of CPB's holding companies filed for bankruptcy. In the spring of 2013, the FDIC was substituted for CPB in the instant matter, and the case was removed to this Court. Following the removal, the FDIC filed the instant motion to stay and/or dismiss this action.

## **Law & Discussion**

Relying on law from jurisdictions outside of the Fifth Circuit, both parties appear to agree that administrative exhaustion of Grubaugh's pre-receivership claim is required and 12 U.S.C. § 1821(d)(5)(A)(1) creates an implied stay pending administrative review. Despite the parties' agreement on this issue and the fact that some circuits have so ruled, the Fifth Circuit does not agree that this is the case, thus the Court must deny the FDIC's motion.

The federal circuit courts are split on whether the FDIC is required to request a stay within ninety (90) days of being appointed as receiver at the risk of losing the option to dismiss or stay the proceedings. See Whatley v. Resolution Trust Co., 32 F.3d 905, 910, n.29 (5th Cir. 1994); Clark v. F.D.I.C., 849 F. Supp. 2d 736, 757 (S.D. Tex. 2011). The Fifth Circuit has clearly

pronounced its stance on the issue however; and, in this circuit, failure to timely request a stay pursuant to 12 U.S.C. § 1821(d)(12) indicates the FDIC's intent to proceed judicially on a pre-receivership claim.[2] In coming to this conclusion, the Whatley Court reasoned that, when faced with pre-receivership claims:

> There is an added odious dimension when the receiver, with full knowledge of the pending lawsuit, foregoes a request for a stay and waits until the time for the administrative claims process has expired to appear in court requesting dismissal because of the plaintiffs' supposed failure to exhaust administrative remedies. In the eyes of the claimant-especially one who receives no actual notice of the administrative process-his lawsuit is awaiting disposition: the receiver, having intervened and been substituted as party defendant, ostensibly joins him in awaiting a hearing on the merits. In reality, however, the receiver lies in ambush, awaiting expiration of the administrative deadline so that it may dispose of the claim without consideration of its merits. We neither find nor assign any such intent to Congress in its enactment of FIRREA.
>
> Congress created a separate scheme for the handling of pre-receivership actions, giving the receiver the privilege, but not the duty, to request a stay of judicial proceedings so that it might first consider the pending claim administratively. Neither a request for a stay nor the failure to request a stay deprives the district court of jurisdiction. Rather, if the receiver requests a stay, the court will defer action temporarily. If the receiver does not timely seek a stay, the judicial action will routinely proceed. This does not mean that the judicial process runs concurrently with the administrative remedy. Congress

---

[2] The FDIC relies on Guidry v. Resolution Trust Co., 790 F.Supp. 651, 653 (E.D. La., Apr. 20, 1992) to support its proposition that the Fifth Circuit contemplates a stay of the proceedings. This reliance is flawed, however, because Guidry pre-dates Whatley.

>     has given the receiver the option to either request a
>     stay, and proceed administratively based on the
>     claimant's complaint or any substitute or supplemental
>     filing it may request, or forego the privilege of
>     requesting a stay and thus proceed judicially. Should
>     the receiver choose to proceed administratively, it
>     must request the stay within 90 days of its
>     appointment; thereafter no stay may be sought and the
>     judicial action is to proceed.

Whatley, 32 F.3d at 908-09.

Therefore, in this case, where the FDIC: (a) accepted their appointment as receiver on November 18, 2011, and (b) was substituted as the defendant in the instant matter on April 6, 2013, it is clear that the FDIC failed to timely request a stay in accordance with 12 U.S.C. § 1821(d)(12) and must be "deemed to have determined to proceed with the litigation in federal court." Id. at 910; Clark, 849 F. Supp. at 758.

Accordingly,

The FDIC's **Motion to Dismiss or, in the Alternative, Stay Pending the Exhaustion of Administrative Remedies (Rec. Doc. 11)** is **DENIED**.

New Orleans, Louisiana, this 4th day of November, 2013.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE