```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| JOSEPH GRUBAUGH | CIVIL ACTION |
| VERSUS | NO: 13-3045 |
| CENTRAL PROGRESSIVE BANK, ET AL | SECTION: "J" (4) |

## ORDER

Before the Court is Defendant Federal Insurance Company ("Federal")'s **Motion to Dismiss** (Rec. Doc. 84), Plaintiff's opposition (Rec. Doc. 88), and Federal's reply memorandum. In the motion to dismiss, Federal seeks dismissal of Plaintiff's claims against it based on this Court's dismissal of Plaintiff's claims against FDIC-R. Federal argues that, as the insurer of FDIC-R, it is only a direct action defendant and the dismissal of Plaintiff's claims against FDIC-R necessitates the dismissal of Plaintiff's claims against Federal. Plaintiff opposes the motion, stating that he still has viable direct claims for fraud against individuals who worked at the bank in question and that the bond provided by Federal covers those claims.

The Louisiana Supreme Court held in <u>Dumas v. U. S. Fid. & Guar. Co.</u>, 241 La. 1096, 1117-18, 134 So. 2d 45, 52 (1961) that, "when the injured party's substantive cause of action against the original tortfeasor is extinguished, the procedural right of direct action against the insurer, which is purely remedial and ancillary

to the cause, must fall by operation of law." <u>Dumas</u>, 134 So. 2d at 52. Here, Plaintiff only brought claims against Central Progressive Bank, for which FDIC-R was later substituted as a Defendant, and those claims have been dismissed. Thus, the original tortfeasor has been extinguished, and so is the direct action against Federal.

Accordingly,

**IT IS ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Federal Insurance Company are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 9th day of April, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE