```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

JOSEPH GRUBAUGH                          CIVIL ACTION

VERSUS                                   NO: 13-3045

CENTRAL PROGRESSIVE BANK, ET             SECTION: "J" (4)
AL.
```

### ORDER AND REASONS

Before the Court is Plaintiff Joseph Grubaugh's **Motion to Alter Judgment, or Alternatively for a New Trial (Rec. Doc. 87)** and Defendant Federal Deposit Insurance Corporation as Receiver for Central Progressive Bank ("FDIC-R")'s opposition thereto. (Rec. Doc. 89). The motion was set for hearing on April 9, 2014, on the briefs. Having considered the motions and memoranda of counsel, the record, and the applicable law, the Court finds that Plaintiff's motion should be **DENIED** for the reasons set forth more fully below.

### FACTS AND PROCEDURAL HISTORY

This matter arises from Plaintiff's allegations that his mother and sister, who were employees of Central Progressive Bank ("CPB"), committed several wrongful acts, including but not

limited to writing fraudulent checks on his account, fraudulently transferring money out of his account, and fraudulently creating a Joint Certificate of Deposit and a Joint Savings Account. (See Rec. Doc. 1-3, pps. 2-3) FDIC-R filed a motion for summary judgment on Plaintiff's claims, and this Court granted the motion on February 27, 2014 finding that Plaintiff's claims were barred under Louisiana Revised Statute § 10:4-406 or had prescribed pursuant to Louisiana Revised Statute § 10:3-420 and that CPB did not owe a fiduciary duty to Plaintiff. (Rec. Doc. 81) On March 12, 2014, Plaintiff filed the instant motion pursuant to Federal Rule of Civil Procedure 59(e).

## PARTIES' ARGUMENTS

Plaintiff contends that: (1) this Court erred when it dismissed all of his claims against FDIC-R because he still has viable causes of action for civil fraud and civil racketeering; (2) that the Court erroneously confined its fraud discussion to whether or not *contra non valentem* would apply to interrupt prescription on certain claims because Plaintiff intended there to be a separate cause of action for fraud; (3) that the Court erred in failing to distinguish several cases that it relied on because those cases involved fraud by third parties, whereas the instant matter involves fraud by bank employees; (4) that Plaintiff has a valid claim under Louisiana Revised Statute §§

15:1351-56 (the "Louisiana Racketeering Act"); and (5) that the Court made unwarranted factual findings.

FDIC-R claims that Plaintiff has failed to advance any legitimate reason for altering or amending the Court's ruling from February 27, 2014. FDIC-R avers Plaintiff's argument that he has racketeering and fraud claims is not grounds to amend the judgment because Plaintiff has never mentioned a racketeering claim until the instant motion and because the Court already determined that the facts do not support a finding of fraud. FDIC-R further contends that Plaintiff has no legal authority to support his contention for treating cases differently based on whether the bad actor was an employee of the defendant or a third-party.

## LEGAL STANDARD & DISCUSSION

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. Templet v. Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." Id.; see also Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 567 (5th Cir. 2003). Manifest error is defined as "'[e]vident to the senses, especially to the sight,

obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence.'" In Re Energy Partners, Ltd., 2009 WL 2970393, at *6 (Bankr. S.D. Tex. Sept. 15, 2009) (citations omitted); see also Pechon v. La. Dep't of Health & Hosp., 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (manifest error is one that "'is plain and indisputable, and that amounts to a complete disregard of the controlling law'") (citations omitted).

The Fifth Circuit has noted that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." Templet, 367 F.3d at 478-79. Nor should it be used to "re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction." Voisin v. Tetra Technologies, Inc., 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. Schiller, 342 F.3d at 567; Ross v. Marshall, 426 F.3d 745, 763 (5th Cir. 2005) (to win a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or

must present newly discovered evidence").

In the instant motion, Plaintiff merely rehashes evidence, legal theories, and arguments that could have been made prior to the Court's rendering of the contested judgment. He presents no new evidence or change in the law. Rather, he argues that there is a manifest error in law or fact because the Court did not consider his fraud claim or racketeering claim. First, the Court must note that it considered the elements of a fraud action in its *contra non valentem* discussion, and determined that Plaintiff did not have a meritorious fraud claim against FDIC-R.[1] Further, inasmuch as Plaintiff argues that FDIC-R is vicariously liable for its employees' actions and that FDIC-R is liable under the Louisiana Racketeering Act, this is the first time that the Court has heard these arguments, and a motion to alter or amend a judgment is not a proper vehicle for making arguments that Plaintiff "could, and should, have been made before the judgment issued." Williams v. Toyota Motor Eng'g & Mfg. N. Am., Inc., 470

---

[1] The Court specifically discussed a fraud claim:

"The elements of a Louisiana delictual fraud or intentional misrepresentation cause of action are: (a) a misrepresentation of a material fact, (b) made with the intent to deceive, and (c) causing justifiable reliance with resultant injury." Guidry v. U.S. Tobacco Co., Inc., 188 F.3d 619, 627 (5th Cir. 1999) Though Grubaugh submits some evidence that his mother and/or sister misrepresented a material fact with an intent to deceive, there is insufficient evidence to prove that Grubaugh's reliance on his mother and sister's representations was justifiable.

(Rec. Doc. 81, p. 10)

F. App'x 309, 313 (5th Cir. 2012). Therefore, because Plaintiff has failed to meet the standard under Federal Rule of Procedure 59(e), his motion must be denied.

Accordingly,

Plaintiff's **Motion to Alter Judgment, or Alternatively for a New Trial (Rec. Doc. 87)** is **DENIED.**

New Orleans, Louisiana this 9th day of April, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE